UNITED STATES DISTRICT COURT
MASSACHUSETTS

|  |  |
|---|---|
| RON MITCHELL, individually and on behalf of a class of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE ATTORNEY NETWORK, LLC,<br>THE ATTORNEY NETWORK ASSET RECOVERY GROUP, LLC,<br>MARK WEINER aka MARK SMITH,<br>MIREAULT LAW GROUP, LLC,<br><br>    Defendants. | C.A. No. 1:16-cv-10574 |

## CLASS ACTION COMPLAINT

### Introduction

1. The Plaintiff files this class action for the unauthorized collection of debt by defendant Mark Wiener, a non-attorney and former employee of defendant Mireault Law Group, LLC, who obtained collection accounts from Mireault Law Group when the law firm's collection practice closed in 2014. Defendant Weiner and his associated companies, The Attorney Network, LLC and the Attorney Recovery Group, LLC, holding themselves out as the Mireault Law Group, collected monies from the Plaintiff and the putative class which was retained by Weiner and his collection companies and not remitted to the debt owner.

2. The plaintiff brings the following claims: a) violations of the Fair Debt Collections Practices Act; b) conversion; c) unjust enrichment; d) negligence and e) violations of his right to privacy under Chapter 214 § 1B.

## Parties

3. The Plaintiff, Ron Mitchell is an individual who resides in Tennessee.

4. The Defendant, The Attorney Network, LLC ("Attorney Network") is a business incorporated in Massachusetts with a principal place of business of 1602 Rockwood Drive, Saugus, MA 01906 with a resident agent of Brandi Carra of the same address.

5. The Defendant, The Attorney Network Asset Recovery Group, LLC ("Attorney Network Asset Recovery") is a business incorporated in New Hampshire with a principal place of business of 85 Stiles Road, Suite 204, Salem, NH 03079 and a registered agent of United States Corporation Agents, Inc., 1 New Hampshire Avenue, S125, Portsmouth, NH 03801.

6. The Defendant, Mark Weiner, aka Mark Smith, is an individual who resides in Massachusetts who is believed to reside in Saugus, MA.

7. The Defendant, Mireault Law Group, LLC ("Mireault Law") is a law firm incorporated in Massachusetts with an office in Salem, MA.

## Jurisdiction

8. The Court has federal question subject matter jurisdiction pursuant to the federal Fair Debt Collection Practices Act. The Court has personal jurisdiction over Attorney Network, Weiner and Mireault Law as they are incorporated here, have their principal offices here, collected debts from within the borders of Massachusetts and otherwise engaged in substantial business her. The court has personal jurisdiction over Attorney Network Asset Recovery as it has transacted substantial business in Massachusetts with the other Defendants, particular Weiner and Attorney Network who have transferred or authorized the transfer of the Plaintiff and the Class' monies to Attorney Network Asset Recovery. Finally, venue is proper here as the Defendants reside here or availed themselves to suit here.

**Facts Common to All Claims**

9. The Defendant Mireault Law had a collections practice where it collected debts for its clients. Weiner, a non-attorney, had worked as a "Compliance Manager" for Mireault Law and was involved in the day to day collection of debts for the law firm.

10. Mireault Law's collection practice operated for approximately three years and involved the collection of approximately 180,000 total accounts. The accounts primarily concerned the collection of consumer debt, such as credit card debt.

11. In April of 2014, Mireault Law closed its collections practice. At or around that time, Weiner stopped working for Mireault Law. At some time prior to or after he ceased being employed by Mireault Law, Weiner obtained a database, spreadsheet and/or list of accounts being collected by Mireault Law which contained debtors' account and other personal information. He possessed that database after he left his employment with Mireault Law.

12. Mireault Law failed to adequately protect the confidential account information of its clients and its clients' customers, allowed Weiner access to such information and failed to prevent Weiner from further misuse of the information when it became known that such information had been obtained by Weiner.

**Facts Pertaining to the Plaintiff**

13. Prior to Mireault Law closing its collection practice in April of 2014, the Plaintiff had entered into a repayment settlement agreement of $9,150 through Mireault Law on a consumer debt. The settlement agreement required the Plaintiff to make 30 payments of $305 per month. The payments were to commence on January 30, 2013 and end on June 30, 2015.

14. The Plaintiff made payments under the agreement.  When he made such payments his bank account statement indicated an electronic debit to his account of $305 as "MSBCAPITALGROUPI PURCHASE."   MSB is an administrator for the owner of the debt.

15. Unknown to the Plaintiff until June of 2015, his electronic payment withdrawals of $305 were no longer being taken by MSB but rather by "THE ATTORNEY NETWORK, LLC." The following payments of $305 were electronically debited by The Attorney Network, LLC into a Bank of America account in Saugus: June 28, 2014, July 28, 2014, August 28, 2014, September 28, 2014, October 24, 2014 and November 28, 2014 (presumed as there is no change in recipient).

16. Starting in December of 2014, electronic debits of $305 were being taken by "THE ATTORNEY ASSET RECVY GROUP."  The following $305 payments were electronically debited by The Attorney Asset Recovery Group into a Citizens Bank account: December 28, 2014, January 28, 2015, February 27, 2015, March 6, 2015.  The March 6, 2015 payment had been taken out of sequence by the Defendants.  The Plaintiff complained to Weiner, who held himself as still working for Mireault Law, about taking the March payment out of sequence.

17. On or about March 20, 2015, long after Mireault Law closed its debt collection practice and Weiner left Mireault Law, Weiner sent the Plaintiff a form collection letter by e-mail which offered a new settlement agreement, despite there being only three payments left on his existing payment plan. The letter stated in relevant part:

> In an effort to satisfy the balance on your account we have been authorized to offer you a settlement on your account in the amount of $3,000.00.The first payment in the amount of **$2,000.00** is due on or before **March 28" 2015.** The second payment in the amount of **$500.00** is due on or before **April 30th 2015.** The last and final

>payment in the amount of **$500.00** is to be paid on or before **May 30th 2015 .** This offer will be **NULL & VOID** if not paid on the due dates above as agreed.
>
>This account will be considered legally paid in full with a **$0.00** balance upon non-reversal of funds and satisfying the above referenced settlement arrangement completely. Please allow 90 Days from the date of payment for this process. If applicable, this account will be reported to the credit reporting agencies as paid in full.
>
>By sending us a check or giving us your checking account information for payment, you authorize Mireault Law Group, LLC to collect funds electronically, in which case your check may not be returned to you. We can also arrange for a direct debit from your checking account. We also accept all major credit cards.
>
>As of this time, no attorney with this firm has personally reviewed the particular circumstances of your account. This letter is not a threat of suit and should not be construed to be a threat of suit.
>
>This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.
>
>Please contact this office to discuss this settlement offer with Mark Smith; Compliance Manager, one of our non-attorney account managers.
>
>Kindest Regards,
>Mireault Law Group, LLC
>
>Kindest Regards,
>
>Mark Smith
>Mireault Law Group, LLC
>Attorney Christopher J. Mireault
>Compliance Manager
>Direct (978)706-0030
>Toll Free (844) 335-8001
>Facsimile (339) 309-3634
>markmireaultlawgroup.net

Exhibit A.

18. In the March 20, 2015 e-mail, Weiner held himself out as collecting the debt for Mireault Law and further stated that by virtue of the Plaintiff providing checking account information to Mireault Law, the Plaintiff was authorizing Mireault Law to collect the funds electronically.

19. Weiner's letter was designed to resemble correspondence used by the Mireault Law Firm. For example, the appearance of the contact information below his signature is very similar to the contact information used by the Mireault Law Firm but contains different telephone numbers and a ".net" designation on his e-mail (i.e. mark@mireaultlawgroup.com v. mark@mireaultlawgroup.net).

20. The March 20, 2015 letter from Weiner, which he signed as Mark Smith, stated that the debt could be satisfied for a total of $3,000 with an initial $2,000 payment by March 28, 2015 and two subsequent payments of $500 on April 30 and May 30, 2015.  The Plaintiff e-mailed Weiner inquiring as to how payments under the new payment plan would be processed.

21. On March 27, 2015, The Attorney Asset Recovery Group electronically debited $2,000 from the Plaintiff's account. On April 27, 2015, The Attorney Network, LLC, not The Attorney Asset Recovery Group, electronically debited $500 from the Plaintiff's account.

22. In June of 2015, the Plaintiff received a collection call from a different collection entity on the debt.  He was informed that none of the payments he had been making on the debt since early 2014 had been remitted to the debt owner.  At that time the Plaintiff contacted his bank and discovered that the electronic payments from his bank account were being taken by The Attorney Network and The Attorney Asset Recovery Group.

23. On June 25, 2015, the Plaintiff sent Weiner an e-mail requesting answers to the following three questions: 1) "Why was a new deal created just before the end of the first agreement?"; 2) "Should I be concerned that I'm being scammed by someone?"; 3) "Would you please contact me at your earliest convenience so we may discuss this matter?"  Weiner did not respond to the Plaintiff's questions.

24. The Plaintiff was refunded some payments through the fraud complaint process at his bank. However, he has not been paid back in full, his debt still exists and has not been discharged, interest and fees accrue on his debt and his payments on the debt have not been reported to his credit.

25. The Defendants Weiner, Attorney Asset Network and Attorney Asset Recovery, have individually and/or in combination, retained the monies paid by the Plaintiff and the Class despite not having the authority to collect the debts of the Plaintiff and the Class or retain the funds collected.

### Notification to Mireault Law

26. Upon being notified by the representative of the asset owner/creditor that Weiner was using the Mireault Law name to collect debts, Attorney Chris Mireault of Mireault Law stated in an e-mail dated May 7, 2015 that his collections practice closed in April of 2014 and that "Mark (Weiner) Smith does ***not*** have authorization to collect under my name as an attorney or otherwise." (emphasis in original).

27. Since Attorney Mireault's e-mail of May 7, 2015, the Plaintiff has received no notice or information of any kind from Mireault Law regarding how his account, which contained confidential personal information, had been obtained by Weiner, what steps Mireault has taken to prevent the further use and disclosure of the Plaintiff's personal information or whether Mireault Law has pursued any legal action against Weiner and his collection agencies to enjoin them from using accounts obtained from his office, to force an accounting of all monies collected and to otherwise protect the further dissemination and misuse of the Plaintiff's and the Class' personal information.

**Class Allegations**

28. The Plaintiff repeats the preceding allegations herein.

29. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a) and (b) of the Federal Rules of Civil Procedure. The Plaintiff seeks to certify the following Classes defined as follows:

    a. **Collection Solicitation Class** -- Any and all persons who received a collection notice, letter, settlement agreement or correspondence of any kind from the Defendants Weiner, The Attorney Network, LLC, The Attorney Network Asset Recovery Group, LLC or The Attorney Asset Recovery Group referring in any way to the Mireault Law Group, LLC or Attorney Chris Mireault. The Collection Solicitation Class period is from the date of Weiner's separation or termination from Mireault Law to the present or from the date Weiner began unauthorized debt collection and/or the unauthorized retention of debt payments on Mireault Law accounts, whichever is earlier;

    b. **Injunctive Class** – Any and all persons whose account and/or personal information, formerly in the possession of Mireault Law, was obtained by Defendants Weiner, The Attorney Network, LLC, The Attorney Network Asset Recovery Group, LLC or The Attorney Asset Recovery Group.

30. The Plaintiff also seeks certification of the following Subclass: **Collection Payment Subclass** -- Any and all persons or entities who paid any monies to Defendants Weiner, The Attorney Network, LLC, The Attorney Network Asset Recovery Group, LLC or The Attorney Asset Recovery Group on an account previously held by or in the possession of the Mireault Law Group, LCC.

31. <u>Ascertainable</u>. The Classes and the Subclass are readily identifiable. The evidence of the illegal debits are contained in the readily accessible books, records and computer systems maintained by the Defendants, the banks they used for depositing payments or with the debt servicer and/or owner of the debts. The monies collected by the Defendants were recorded in the bank account records of the Defendants and would have also been recorded in the bank account records of the Plaintiff and the class members.

32. The accounts and personal information of the class members can be identified in the debtor account records maintained by Mireault Law and/or in the debtor account records provided to Mireault Law by the servicer and/or owner of the debts. In addition, the database of account and personal information copied or obtained by the Defendants Weiner, Attorney Asset Network and Attorney Asset Recovery and in their possession will identify the class members who were sent collection letters and who made payments.

33. <u>Numerosity</u>. Based on the form collection letter used by the Defendants Weiner, Attorney Asset Network and Attorney Asset Recovery, the number of accounts serviced by Mireault Law and the volume nature of the debt collection industry, it is estimated that the Defendant Weiner and his collection companies obtained account and personal information from Mireault Law on thousands of consumers. It is also estimated that Defendant Weiner sent form collection letters and received payments from hundreds, if not thousands, of consumers.

34. The Plaintiff estimates that there are more than 500 class members based on the amount of debtor account information in the possession of Mireault Law and the volume nature of Weiner and the collection Defendants' business.

35. <u>Existence and Predominance of Common Questions of Law and Fact</u>. Common questions of law and fact exist as to all class members and predominate over any questions affecting only

individual Class members.  These common legal and factual questions include but are not limited to:

    a. whether Weiner and the collection defendants were authorized to obtain, possess and use consumer debt account information in the possession of the Mireault Law Firm;

    b. whether Weiner and the collection defendants held themselves out as Mireault Law in violation of the FDCPA;

    c. whether Mireault Law failed to adequately protect and secure the class members' account and personal information;

    d. whether Mireault Law failed to adequately protect, retrieve and prevent the continued misuse of class members' account and personal information after notice of the data breach;

    e. whether class members are entitled to actual and/or statutory damages;

    f. whether class members are entitled to injunctive relief enjoining the continued possession and/or use of their account and personal information by the Defendants.

36. The only individual questions concern the identification of class members and the actual and statutory damages of each class member. This information can be determined by an examination of the business and bank account records of the Defendants, along with the corresponding records of the debt servicer and debt owner.

37. <u>Typicality.</u>  The named Plaintiff's claims are typical of the claims of Class Members because all claims are based on the same legal and remedial theories. The claims of all Class Members consist of the Defendants unauthorized access to account records and the unauthorized collection of debt on those accounts.  The vast majority of payments made to Weiner and his collection companies were made by check or electronically withdrawn from

class members' accounts with bank records showing a withdrawal from class members' accounts and a deposit into the defendants' accounts.

38. <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately protect the interests of class members in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as the members of the class she seeks to represent.

39. Plaintiff feels that he has been wronged, wishes to obtain redress of the wrong, and wants Defendants stopped from continuing its unauthorized debt collection scheme. The Plaintiff took the effort to investigate the Defendants' actions with respect to his own payments and proceeded to question Weiner on the legitimacy of his collection activities.

40. The Plaintiff has retained attorneys who are adequate to represent the class members, as they are experienced in consumer protection laws and class actions cases. Neither the named Plaintiff, nor counsel, has any interest that may cause them to not vigorously pursue this action.

41. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the class members is impracticable. The amount at stake for each consumer is such that individual litigation or arbitration would be inefficient, cost prohibitive and, because of the relatively small damage amount for each class member, finding and paying counsel to prosecute a claim would be difficult. Additionally, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein.

42. There will be no difficulty in the management of this action as a class action. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a. the individual class members may not all be aware that they have been wronged and are thus unable to prosecute individual actions as the Defendants disguised their collection scheme to make it appear legitimate;

    b. concentration of the litigation concerning this matter in this Court is desirable as the majority of the Defendants are here and the collection activity took place from Massachusetts;

    c. the claims of the representative Plaintiff are typical of the claims of the class as he received an unauthorized and deceptive collection letter, his account and personal information was wrongfully accessed and the withdrew money from his account;

    d. a failure of justice will result from the absence of a class action as Weiner and the collection Defendants will be able to continue to perpetrate their scheme and possess the class members' confidential information; and

    e. the class is of moderate size and the difficulties likely to be encountered in the management of a class action are not great.

## CAUSES OF ACTION

### Count I – Violations of the Fair Debt Collection Practices Act

**(As to Weiner, Attorney Network and Attorney Network Asset Recovery)**

43. The Plaintiff incorporates the preceding paragraphs as if alleged herein.

44. The Fair Debt Collection Practices Act generally prohibits any false, deceptive or misleading act in relation to the collection of a debt. 15 U.S.C. § 1692e. The Defendant, through the

below described acts, violated § 1692e and the following specific provisions of the FDCPA: a) 15 U.S.C. § 1692e(3)(false representation or implication that any individual is an attorney or that any communication is from an attorney); b) 15 U.S.C. § 1692e(9)(prohibits written communication that creates a false impression as to source, authorization or approval); c) 15 U.S.C. § 1692e(10)(prohibits use of any false representation or deceptive means to collect or attempt to collect any debt); d) 15 U.S.C. § 1692e(14)(use of any business, company, or organization name other than the true name of the debt collector's business, company or organization).

45. The Defendants Weiner, Attorney Network and Attorney Network Asset Recovery all held themselves out as having the authority to collect debt from, and deposit funds paid by, the Plaintiff and the Class when they had no legal authority to collect the debts or deposit the Plaintiff and Class Member's funds into their accounts.  The Defendants representations that they were authorized to collect the debts were false, deceptive and misleading.  The accounts of the Plaintiff and the Class were consumer credit accounts which they had obtained for their personal use.

46. In addition, the Defendants Weiner, Attorney Network and Attorney Network Asset Recovery falsely and deceptively claimed in their collection letters and correspondence to the Plaintiff and the Class that they were working for and affiliated with Mireault Law when they had no authority to use Mireault Law's name or likeness in collecting debts.

47. The Defendants' correspondence was designed to look similar to correspondence used by Mireault Law and specifically identified Weiner (alias "Mark Smith") as a "Compliance Manager" with "Mireault Law Group, LLC, Attorney Christopher J. Mireault."  The form correspondence also listed Weiner's e-mail address as "mark@mireaultlawgroup.net."

48. The form correspondence also stated: "By sending this check or giving us your checking account information for payment, you authorize Mireault Law Group, LLC to collect funds electronically, in which case your check may not be returned to you." Additionally, the correspondence ended with the following sentence: "Please contact this office to discuss this settlement offer with Mark Smith; Compliance Manager, one of our non-attorney account managers." <u>Exhibit A</u>, *Correspondence* (March 20, 2015)(personal information redacted).

49. Furthermore, the Defendant Weiner, Attorney Network and Attorney Network Asset Recovery falsely claimed that funds would be collected and withdrawn from the Plaintiff's and the Class' accounts by Mireault Law when, in fact, payments were being diverted into accounts maintained by Weiner, Attorney Network and/or Attorney Network Asset Recovery.

50. Finally, Defendant Weiner, Attorney Network and Attorney Network Asset Recovery falsely stated that the Plaintiff's and Class' accounts would be settled if they complied with the proposed payment plans even though the Defendants were not remitting the payments to the owners of the debt in satisfaction of the debt.

51. The Defendant Weiner used the Mireault Law firm's name and likeness as a front for his collection companies. The collection letters which he sent to the Plaintiff and the Class Members were actually being sent as part of and on behalf his collection businesses as evidenced by the withdrawal of debtor funds by his two companies.

52. The Defendant Weiner illicitly obtained the Plaintiff's and the Class Members' account information from Mireault Law and then established and/or was directly involved in perpetrating the illegal collection scheme described herein. Weiner, Attorney Network and Attorney Network Asset Recovery all directly or indirectly participated in the collection of

debt from the Plaintiff and the Class. The Defendants Weiner, Attorney Network and Attorney Network Asset Recovery all directly or indirectly received payments from the Plaintiff and the Class.

53. As a direct and proximate result of the Defendants' violations of the FDCPA, the Plaintiff and the class suffered actual damages including but not limited to making payments to the Defendants and the accrual of interest and other penalties on their actual debt. The Plaintiff and the class also incurred statutory damages as provided for by the FDCPA.

## Count II – Conversion

**(As to Weiner, Attorney Network and Attorney Network Asset Recovery)**

54. The Plaintiff incorporates the preceding paragraphs as if alleged herein.

55. The Defendants Weiner, Attorney Network and Attorney Network Asset Recovery sent the Plaintiff and the Class collection letters. The Plaintiff and the Class made payments to the Defendants by electronic transfers from their bank accounts, by check or by other means.

56. In electronically deducting money from Plaintiff's and the Class' checking accounts and/or receiving, endorsing and depositing checks and other payments from the Class, the Defendant intentionally and willfully exercised control and dominion over the personal funds of the Plaintiff and the class.

57. The Plaintiff and the Class owned the funds in their checking accounts at the time the Defendants electronically withdrew funds from their accounts and/or endorsed and deposited their checks.

58. The Plaintiff and the Class suffered the loss of their personal funds as a result of the Defendants' actions.

### Count III – Unjust Enrichment

**(As to Weiner, Attorney Network and Attorney Network Asset Recovery)**

59. The Plaintiff incorporates the preceding paragraphs as if alleged herein.

60. The Defendants Weiner, Attorney Network and Attorney Network Asset Recovery sent the Plaintiff and the Class collection letters. The Plaintiff and the Class made payments to the Defendants by electronic transfers from their bank accounts, by check or by other means.

61. In allowing for and electronically deducting money from Plaintiff's and the Class' checking accounts and/or receiving, endorsing and depositing checks and other payments from the Class, the Plaintiff and the Class conferred a benefit on the Defendants.

62. The Defendants, based on their collection efforts and evidence of the payments being deposited into bank accounts held in their names, appreciated and were fully knowledgeable of the money benefit being conferred on them by the Plaintiff and the Class.

63. The Defendants, despite having no right to collect the money from the Plaintiff and the Class and holding themselves as being from Mireault Law, accepted and retained the payments by the Plaintiff and the Class. The retention of these payments, which were intended for the owner of the debts in an attempt to pay down or pay-off the debts, under the circumstances would be inequitable without payment to the Plaintiff and the Class for the value bestowed on the Defendants.

64. The Plaintiff and the class are entitled to the disgorgement from the Defendants of all funds collected.

### Count IV – Negligence

**(As to Mireault Law)**

65. The Plaintiff incorporates the preceding paragraphs as if alleged herein.

66. The Defendant Mireault Law was provided with personal and account information about the Plaintiff and the Class by the owner or servicer of a debt portfolio. Such information included account information to be used by Mireault Law for the purpose of collecting debt on behalf of the debt owner.

67. The personal and account information in Mireault Law's possession and control contained such information as consumer credit account numbers, home telephone and mobile numbers, social security numbers, mailing addresses, e-mail addresses, credit report information and/or other personal information. This information was of a personal and confidential nature.

68. Mireault Law, as a debt collector possessing personal and confidential information of debtors, had a duty to the Plaintiff and the Class to safeguard and secure such information from access and use by unauthorized persons.

69. Mireault Law, prior to or upon the termination of Defendant Weiner as an employee, failed to secure and safeguard the Plaintiff's and the Class's personal and account information thereby breaching the duty it owed to the Plaintiff and the Class. Weiner obtained the personal and account information of the Plaintiff and the Class and collected debt payments from the Plaintiff and the Class.

70. In addition, on or about May 7, 2015, Mireault Law was put on notice of the data breach when it was informed that Weiner was using its firm name in debt collection correspondence sent to the Plaintiff and the Class. After acknowledging that Weiner was not authorized to hold itself out as being affiliated with Mireault Law, Mireault Law failed to take adequate safeguards to a) notify the persons whose data had been accessed; b) stop the other Defendants' use of the data, c) request the return or destruction of the data, d) notify law

enforcement or e) seek a state and/or federal court order enjoining the other Defendants' from using and continuing to possess the data.

71. As a direct and proximate result of Mireault Law's negligence, the Plaintiff and the Class suffered damages including the loss of monies paid to the Defendants, accrued interest and penalties on their existing debts and the compromise of their personal information.

### COUNT V -- Right to Privacy Violations Pursuant to Chapter 214 § 1B

### (As to All Defendants)

72. The Plaintiff incorporates the preceding paragraphs as if alleged herein.

73. Pursuant to Chapter 214 § 1B "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy."

74. The accounts in the possession of Defendants contained private and confidential information about the plaintiff and the class members, such as Social Security numbers, home, work and mobile phone numbers, e-mail addresses, family information, bank account information, credit card account information, other financial information, current and prior employers and current and prior current addresses.

75. The plaintiff's and the class' right to privacy was unreasonably, substantially and seriously interfered with when the accounts in the possession of Mireault law were allowed to be accessed, obtained and possessed and/or were continued to be accessed, obtained and possessed by unauthorized persons, notably the Defendant Weiner and his associated companies, The Attorney Network, LLC and the Attorney Recovery Group, LLC.

76. Mireault Law's failure to protect the private information of the plaintiff and the class in the first instance, and his later failure to take any steps to retrieve and prevent the continued

access, use and dissemination of said private information constitutes an actionable interference with the plaintiff and the class' privacy rights as protected by Chapter 214 § 1B.

77. The Defendants Weiner's, The Attorney Network, LLC's and the Attorney Recovery Group, LLC's unauthorized possession and/or use of the private information of the plaintiff and the class to collect on debts it had no right to collect and to further use the information to set-up and receive electronic debt payments constitutes an actionable interference with the plaintiff's and the class' privacy rights as protected by Chapter 214 § 1B.

78. As a direct and proximate result of Defendants' violations of Chapter 214 § 1B, the Plaintiff and the Class suffered damages including the loss of monies paid to the Defendants, accrued interest and penalties on their existing debts and the compromise of their personal information.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff and the Class demand the following relief:

a. an Order enjoining the Defendants from collecting on and debiting the Plaintiff's and Class Member's accounts;

b. an Order requiring the return of all personal and account information of the Plaintiff and the Class and/or the destruction of any such information held by the Defendants;

c. an Order certifying a class of persons as set forth herein pursuant to Rule 23;

d. an Order appointing Plaintiff as the Class Representative of the Class;

e. an Order appointing Plaintiff's counsel as Class Counsel;

f. that judgment be entered against the Defendants in the amount of the Plaintiff's and the Class Members' damages, including actual and statutory damages with interest, reasonable attorney's fees, and costs as provided by law;

g.  designate that any unclaimed Class settlement funds be paid as *cy pres* relief to the appropriate non-profit entity; and

h.  that the Court grant such other relief as it deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY
ON ALL COUNTS AND CAUSES OF ACTION CONTAINED HEREIN.**

Respectfully submitted,
on behalf of the Plaintiff,

*/s/ Carlin J. Phillips*
Carlin J. Phillips, BBO #561916
Andrew J. Garcia, BBO #559084
PHILLIPS & GARCIA, P.C.
13 Ventura Dr.
Dartmouth, MA  02747
Tel.:  (508) 998-0800
Fax:  (508) 998-0919
cphillips@phillipsgarcia.com
agarcia@phillipsgarcia.com